IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| Patrick Jay Wall, #16649, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 9:07-1095-HMH-GCK |
| | ) | |
| vs. | ) | **OPINION & ORDER** |
| | ) | |
| Simon Major, Jr., Director of Sumter-Lee Regional Detention Center, | ) ) ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court with the Report and Recommendation of United States Magistrate Judge George C. Kosko, made in accordance with 28 U.S.C. § 636(b)(1) (2006) and Local Civil Rule 73.02 of the District of South Carolina.[1] Patrick Jay Wall ("Wall"), a state prisoner proceeding pro se, alleges that the Defendant denied him proper medical treatment for an insect bite, in violation of 42 U.S.C. § 1983. In his Report and Recommendation, Magistrate Judge Kosko recommends granting the Defendant's motion for summary judgment and imposing a strike on Wall pursuant to 28 U.S.C. § 1915(e)(2) and (g).

Wall filed objections to the Report and Recommendation. Objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1) (2006).

1

party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). In the absence of specific objections to the Report and Recommendation of the Magistrate Judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

Upon review, the court finds that the majority of Wall's objections are non-specific, unrelated to the dispositive portions of the Magistrate Judge's Report and Recommendation, or merely restate his claims. However, the court was able to glean one specific objection. Wall objects to the Magistrate Judge's recommendation that the Defendant's motion for summary judgment be granted and argues that the proper course of action should be to allow him an opportunity to file an amended complaint.

Wall presents no new allegations or facts to support his motion to amend, but merely states that his motion to amend should be granted "to allow Plaintiff his right by law to bring this case into proper form." (Objections 2.) Therefore, the court finds that granting Wall's motion to amend would be futile. See In re PEC Solutions, Inc. Sec. Litig., 418 F.3d 379, 391 (4th Cir. 2005) ("Leave to amend need not be given when amendment would be futile."). Based on the foregoing, after a thorough review of the Magistrate Judge's Report and the record in this case, the court adopts Magistrate Judge Kosko's Report and Recommendation.

Therefore, it is

**ORDERED** that Wall's motion to amend complaint, docket number 27, is denied. It is further

**ORDERED** that the Defendant's motion for summary judgment, docket number 17, is granted. It is further

**ORDERED** that this dismissal is considered a "strike" pursuant to 28 U.S.C. § 1915(g).

**IT IS SO ORDERED**.

                      s/Henry M. Herlong, Jr.
                      United States District Judge

Greenville, South Carolina
October 22, 2007

### NOTICE OF RIGHT TO APPEAL

Plaintiff is hereby notified that he has the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.